**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **JOHN MAXWELL MONTIN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BILL GIBSON, Y. SCOTT MOORE, CHRISTINE PETERSON, and MICHAEL RUMBAUGH,**<br><br>**Defendants.** | ) | **CASE NO. 4:09CV3102**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint in this matter on May 13, 2009. (Filing No. 1.) Also pending is Plaintiff's Motion for Discovery. (Filing No. 6.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on May 13, 2009, against Assistant Nebraska Attorney General Michael Rumbaugh, former Nebraska Department of Health and Human Services Director Christine Peterson and Lincoln Regional Center ("LRC") employees Bill Gibson and Y. Scott Moore. (Filing No. 1 at CM/ECF pp. 1-3.) Plaintiff sues Defendants in their individual capacities only. (*Id.*) Plaintiff is currently a patient at the LRC. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that Defendants violated his Fourteenth Amendment right of privacy, the E-Government Act of 2002, the Health Insurance Portability and Accountability Act ("HIPAA"), and several state laws. These claims arose when Defendants filed an affidavit of Y. Scott Moore ("Moore Affidavit") in

Case Number 4:07cv3271 that contained Plaintiff's "present mental diagnosis." (*Id.* at CM/ECF pp. 1, 5.)

In his Complaint, Plaintiff describes the events that led to the filing of the Moore Affidavit in Case Number 4:07CV3271. (*Id.* at CM/ECF pp. 4-6.) In that case, Gibson and Peterson argued that Plaintiff's claims were barred by the statute of limitations. (*Id*. at CM/ECF p. 4.) However, Plaintiff argued that he was exempt from the statute of limitations because he is "mentally ill." (*Id*.) To rebut Plaintiff's argument, Gibson and Peterson filed the Moore Affidavit. (*Id.* at CM/ECF p. 5.) In this Affidavit, Moore discussed Plaintiff's mental condition and stated that, in his medical opinion, Plaintiff "is sufficiently competent and able to carry out the Activities of Daily Living . . . and can reasonably be expected to take appropriate actions to safeguard his own interests." (*Id*.; Case No. 4:07CV3271, Filing No. 58-2, Attach. 1.)

Plaintiff alleges Defendants did not have his consent or the "authority of the Court" to create or file the Moore Affidavit. (Filing No. 1 at CM/ECF pp. 5-6.) Plaintiff asks the court to grant a declaratory judgment against Defendants and to award him attorneys fees, compensatory damages, punitive damages and any other relief that he may be entitled to. (*Id*. at CM/ECF pp. 9-14.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to

state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

**A. Plaintiff's Fourteenth Amendment Privacy Claim**

The Fourteenth Amendment's concept of the right of privacy safeguards at least two different kinds of interests: "the individual interest in avoiding disclosure of personal matters," and "the interest in independence in making certain kinds of important decisions." *Whalen v. Roe*, 429 U.S. 589, 598 n.23 (1977). Courts have held that the first of these interests, the confidentiality branch of the right to privacy, protects unauthorized disclosure of medical and mental health information. *See Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) (recognizing the right to be free from unauthorized disclosure of medical records); *Schaill by Kross v. Tippecanoe County Sch. Corp.*, 864 F.2d 1309, 1322 n.19

(7th Cir. 1988); *Scheetz v. The Morning Call*, Inc., 946 F.2d 202, 206 (3d Cir. 1991); *United States v. Westinghouse Elec. Corp*., 638 F.2d 570 (3d Cir. 1980). However, a plaintiff can waive his right to privacy in his medical information if he puts his medical condition at issue a lawsuit. *See* *Barnes v. Glennon*, No. 9:05-CV-0153 (LEK/RFT), 2006 WL 2811821, at *3 (N.D.N.Y. Sept. 28, 2006) (noting that privacy rights in medical records are waived when a plaintiff places "his medical condition at issue in a lawsuit" (citations omitted)); *see also* *Woods v. Goord*, No. 01 Civ. 3255(SAS), 2002 WL 731691, at *11 (S.D.N.Y. Apr. 23, 2002) (holding that when an inmate files suit against prison officials about his medical or mental health treatment, the subsequent release of "medical records in defense of litigation does not violate any right of the inmate").

Here, Plaintiff put his mental condition at issue when he claimed that it exempted him from the statute of limitations in Case Number 4:07CV3271. Accordingly, Plaintiff waived any privacy rights he had to prevent Gibson and Peterson from disclosing his mental condition as part of their statute of limitations defense. Because Plaintiff waived his privacy rights with regard to his mental condition, his Complaint fails to state a Fourteenth Amendment privacy claim upon which relief may be granted.

**B. Plaintiff's HIPAA Claim**

Liberally construed, Plaintiff also seeks to hold Defendants liable under HIPAA for wrongful disclosure of his individually identifiable health information. *See* 42 U.S.C. §§ 1320d-6(a)(2)-(3). However, HIPAA does not provide Plaintiff with a private cause of action; instead, it provides an "enforcement mechanism for the Secretary of Health and Human Services." *Means v. Indep. Life & Accident Ins. Co.*, 963 F.Supp. 1131, 1135

(M.D.Ala.1997); *see also* *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F.Supp.2d 1176, 1179-80 (D.Wyo. 2001) ("There are no provisions made in the statute for private enforcement when neither the state, nor the Secretary undertake enforcement action."). Because HIPAA does not provide Plaintiff with a private cause of action, his HIPAA claims against Defendants must be dismissed.

**C. E-Government Act Claims**

The court also liberally construes Plaintiff's Complaint to allege that Defendants violated the E-Government Act of 2002 by failing to redact the disclosure of Plaintiff's mental condition from the Moore Affidavit. Congress enacted the E-Government Act "to enhance the management and promotion of electronic Government services . . . [and] citizen access to Government information and services." E-Government Act of 2002, Pub.L. No. 107-347, 116 Stat. 2899. Section 205 of the Act applies to the federal courts. *See* *In re Haefner*, 345 B.R. 588, 590 (Bkrtcy. N.D. Ohio, 2006).

In Section 205, Congress "sought to address the attendant problems which could arise when making court documents, many of which contain sensitive information, readily available to the public by means of the internet." *In re Haefner*, 345 B.R. at 590. Section 205(c)(3) provides that the "Supreme Court shall prescribe rules . . . to protect privacy and security concerns relating to electronic filing of documents and the public availability under this subsection of documents filed electronically." Pub.L. No. 107-347, Title II § 205, 2002 H.R. Rep. 2458, 2914-15 (Dec. 17, 2002). Because Section 205 is a mandate directed at the Supreme Court and not individuals, it is unclear whether it confers a private cause of action upon Plaintiff. *See, e.g.,* *In re Haefner*, 345 B.R. at 590 (questioning whether the

E-Government Act confers upon a party a private cause of action); *In re French,* 401 B.R. 295, 310-13 (Bankr. E.D. Tenn., 2009) (holding that the Paperwork Reduction Act, as incorporated within the E-Government Act of 2002, did not provide a private cause of action where plaintiff alleged that defendant intentionally failed to redact or delete plaintiff's personal information in an electronically filed document).

However, even if the court were to assume that the E-Government Act of 2002 does confer a private cause of action upon individuals, Plaintiff does not possess one in this case. Under the court's Local Rules, a filing party *may* redact medical or psychological records from documents or exhibits, unless the assigned judge orders otherwise. *See* NECivR 5.0.3. Stated another way, the redaction of medical or psychological records from an electronic filing is discretionary. NECivR 5.0.3.

Here, Plaintiff does not allege, nor does the record indicate, that the assigned judge ordered the parties to redact information about Plaintiff's mental condition. Further, the Moore Affidavit does not contain any medical or psychological records; it only contains Moore's opinion about Plaintiff's competency. (Case No. 4:07CV3271, Filing No. 58-2, Attach. 1.) In light of this, the court finds that Defendants had the discretion to include a description of Plaintiff's mental condition in the Moore Affidavit at the time it was filed. Thus, Plaintiff's E-Government Act claim must also be dismissed.

**D. State Law Claims**

Liberally construed, Plaintiff may have claims for violations of state law. The court declines to exercise supplemental jurisdiction over such claims because it has dismissed

all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order;

2. Plaintiff's Motion for Discovery (Filing No. 6) is denied as moot; and

3. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 12th day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.